[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this action seeking a dissolution of the marriage and the defendant cross complained seeking dissolution of the marriage, equitable division of the parties' real and personal property and such other equitable relief as the court deem proper.
A trial of the matter was held on February 21, 1991, at which time both parties were present and testified and the court finds the following facts as proven:
1) The parties intermarried at Alexandria, Virginia on June 29, 1956.
2) Both the plaintiff and the defendant have resided continuously in the State of Connecticut for at least one year prior to the commencement of this action.
3) The marriage of the parties has broken down irretrievably.
4) There are no minor children issue of the marriage.
5) The parties stipulated that the value of the Plaintiff's Carpenters Statewide Pension Fund is $32,233. The plaintiff can at age 65 expect to receive a monthly pension of approximately $579.
6) The plaintiff is 56 years old and the defendant in 53 years old and the parties have been separated for approximately 5 years.
7) The plaintiff is a carpenter and a member of the Carpenters Union but has been out of work due to injuries since 1989 and presently receives Workmens Compensation of $479 per week. This is his total income.
8) The defendant works part-time and earns approximately $153 per week and also has an additional income of $100 per week which she received from a boarder who lives at her home, thus making a total of $253 per week. The defendant has osteporosis, and has had a mastectomy of both breasts and has considerable medical bills and expenses accrued as a result thereof. She is however able to work although she has had two cataract operations and has some trouble and difficulty with her vision. Other than their CT Page 2850 earnings, the parties have no assets whatsoever except each owns a automobile and some personal affects. The cause of the breakdown of the marriage was the excessive drinking and use of alcohol by the defendant wife which she admitted on the witness stand. Her excessive drinking and use of alcohol had continued for in excess of 20 years.
After reviewing all of the facts found, the evidence presented and the statutory criteria set forth in Conn. General Statutes Section 46b-81 and 46b-82 the court enters the following orders:
A. The marriage is dissolved.
B. The defendant is awarded 50% of the plaintiff's pension and counsel are directed to provide the court with the appropriate QADRO order. The plaintiff shall pay to the defendant as alimony the sum of $50 per week until the earliest of the following events: her death, her remarriage or November 3, 1998.
C. The plaintiff shall provide and maintain medical and health insurance for the defendant under the provisions of COBRA for the statutory period of 36 months and shall pay the premiums for same. The plaintiff shall continue to carry $50,000 of the present $150,000 policy with the Knights of Columbus with the defendant named as irrevocable beneficiary until either her death, remarriage or November 3, 1998.
O'CONNELL, J.